

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00235-CV

**IN RE COMMITMENT OF** Jose **ARREDONDO**, Jr.

From the 451st Judicial District Court, Kendall County, Texas
Trial Court No. 24-241
Honorable Kirsten Cohoon, Judge Presiding

Opinion by: Rebeca C. Martinez, Chief Justice

Sitting: Rebeca C. Martinez, Chief Justice
Irene Rios, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: April 8, 2026

AFFIRMED

A jury found beyond a reasonable doubt that appellant Jose Arredondo, Jr. is a sexually violent predator (SVP). *See* TEX. HEALTH & SAFETY CODE ANN. § 841.003(a). The trial court adjudged Arredondo as a SVP and civilly committed him for sex-offender treatment and supervision. *See id*. § 841.081. Arredondo timely appealed. In one issue, Arredondo contends the trial court abused its discretion by refusing to include in the jury charge an instruction that expert testimony is just like any other testimony. We affirm.

The only two witnesses to testify at trial were Arredondo and Darrel Turner, Ph.D., a psychologist retained by the State to perform an abnormal behavioral evaluation on Arredondo. At the jury charge conference, Arredondo requested the following instruction:

> You have heard opinion testimony on certain technical subjects from a person referred to as an expert witness. Some of the testimony before you was in the form of opinions about certain technical subjects. Consider expert testimony just like any other testimony. You may accept it or reject it. You may give it as much weight as you think it deserves, considering the witness' education and experience, the reasons for the opinion, and all the other evidence in the case.

Arredondo argued that because so much of the evidence is based on expert opinion, it is important to let the jury know that Turner's testimony should be considered just like any other type of testimony. Arredondo asserted that his proposed instruction has been used in other jurisdictions, including California. The State responded that Arredondo's proposed instruction was a comment on the weight of the evidence and that it was not supported by Texas law. The trial court refused Arredondo's proposed instruction.

On appeal, Arredondo recognizes the Texas Supreme Court's holding in *Davidson v. Wallingford*, 32 S.W. 1030, 1033 (Tex. 1895), but he argues that *Davidson* is distinguishable. In that case, the court held:

> We are of opinion that the court also erred in singling out Mrs. Bickford by name, and charging the jury that they were the judges of her credibility and the weight to be given to her testimony, although the charge was accompanied by the instruction that they were also the judges of the credibility of all the other witnesses. The court should simply have charged that the jury were the judges of the credibility of the witnesses and the weight of the evidence. The effect of the instruction was to lead the jury to believe that there was more question as to the credibility of the witness who was named than as to that of the other witnesses. Whether such was the fact or not was a matter solely for the determination of the jury, without any intimation, either direct or indirect, as to the opinion of the judge.

*Id.*

Arredondo contends that *Davidson* is distinguishable because his proposed instruction did not single out Turner by name. Arredondo fails to appreciate that only two witnesses testified at trial, and the only expert witness was Turner. Therefore, the instruction Arredondo requested would have effectively singled out Turner's testimony. Instead, the jury charge in this case — in

accordance with *Davidson* and the Texas Rules of Civil Procedure — instructed the jury, "[y]ou are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony but on matters of law, you must follow all of my instructions." *See* TEX. R. CIV. P. 226a, *see also* id. R. 277 ("The court shall not in its charge comment directly on the weight of the evidence . . . ."); *Davidson*, 32 S.W. at 1033. Under *Davidson* and Texas Rule of Civil Procedure 226a, the trial court did not abuse its discretion in refusing Arredondo's requested instruction. *See Thota v. Young*, 366 S.W.3d 678, 687 (Tex. 2012) ("We review a trial court's decision to submit or refuse a particular instruction [in its charge] under an abuse of discretion standard of review."). We overrule Arrendondo's sole issue.

We affirm the trial court's order of civil commitment.


Rebeca C. Martinez, Chief Justice